UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR KERLEY, an individual, | )<br>) |
| Plaintiff, | ) No.<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, and HUMANA GOVERNMENT BUSINESS, INC. d/b/a HUMANA MILITARY HEALTHCARE SERVICES, INC., a Delaware for-profit corporation; VALOR HEALTHCARE, INC., a subsidiary of HUMANA; and DAVID P. CLEMENS, MD, and JANE DOE CLEMENS, individually and the marital community comprised thereof; MEGAN GUTIERREZ and JOHN DOE GUTIERREZ, individually and the marital community comprised thereof; JENNIFER PORTER and JOHN DOE PORTER individually and the marital community comprised thereof; GRACE BUSSEL and JOHN DOE BUSSEL, individually and the marital community comprised thereof, JOHN DOES 1-10, and ABC CONTRACTOR | ) COMPLAINT FOR PERSONAL<br>) INJURIES IN TORT<br>)<br>) |
| Defendants. | |

COMES NOW the Plaintiff by and through his attorney of record, Derek P. Radtke, complains and alleges against Defendants as follows:

COMPLAINT - 1

# I. PARTIES

1.2   *Plaintiff*

Victor Kerley is currently a resident of Lake Forest Park, King County, Washington. Plaintiff resided in King County, Washington, at all times relevant and material to this complaint.

*Defendants*

1.3   Defendant United States of America (hereafter United States) is responsible for all wrongful conduct, acts, errors and omissions of their officers, administrators, employees, contractors and other agents complained of herein.

1.4   Defendants David P. Clemens, MD, Megan Gutierrez, LPN; Jennifer Porter, LPN; and Grace Bussell, LPN were employees/agents of Defendant United States **and/or** Defendant Humana Government Business, Inc. d/b/a Humana Military Healthcare Services, Inc. **and/or** Valor Healthcare, Inc. (Subsidiary of Humana), **and/or** Defendant ABC CONTRACTOR and involved in the care and treatment of Plaintiff at Veterans' Administration Lake City Community Based Outpatient Clinic (North Seattle Clinic) at all times relevant and material to this complaint.

1.5   Defendant Humana Government Business, Inc. d/b/a Humana Military Healthcare Services, Inc. (hereafter Humana) is responsible for all wrongful conduct, acts, errors and omissions of their officers, administrators, employees and other agents and contractors complained of herein.

1.6   Upon information and belief, at all time relevant to this complaint, Defendant Humana is a Delaware for-profit corporation doing business in Washington State.

1.7   The registered agent for Humana Government Business, Inc. is The Corporation Service Company at 300 Deschutes Way SW, #304, Tumwater, WA 98501.

1.8   Defendant Valor Healthcare, Inc. (hereafter Valor) is a wholly owned subsidiary of

COMPLAINT - 2

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

Humana and is responsible for all wrongful conduct, acts, errors and omissions of their officers, administrators, employees and other agents and contractors complained of herein.

1.9 Upon information and belief, at all time relevant to this complaint, Defendant Humana is a Delaware for-profit corporation doing business in Washington State.

1.10 The registered agent for Humana Government Business, Inc. is The Corporation Service Company at 300 Deschutes Way SW, #304, Tumwater, WA 98501.

1.11 Upon information and belief, Defendants David P. Clemens and Jane Doe Clemens are residents of King County, Washington, and are believed to have resided in King County, Washington, at all times relevant and material to this Complaint.

1.12 Defendants David P. Clemens and Jane Doe Clemens are wife and husband and comprise a marital community believed to be residing in King County, Washington. All acts of these Defendants complained of herein were done both individually and for the benefit of the marital community.

1.13 Upon information and belief, Megan Gutierrez and John Doe Guitierrez are residents of South Carolina, and are believed to have resided in King County, Washington, at all times relevant and material to this Complaint.

1.14 Upon information and belief, Defendants Megan Gutierrez and John Doe Guitierrez are wife and husband and comprise a marital community at the time they were residing in Washington. All acts of these Defendants complained of herein were done both individually and for the benefit of the marital community.

1.15 Upon information and belief, Jennifer Porter and John Doe Porter are residents of Snohomish County, Washington, and are believed to have resided in Snohomish County, Washington, at all times relevant and material to this Complaint.

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

1.16 Upon information and belief, Defendants Jennifer Porter and John Doe Porter are wife and husband, and comprise a marital community believed to be residing in Washington. All acts of these Defendants complained of herein were done both individually and for the benefit of the marital community.

1.17 Upon Information and belief, Defendant Grace Bussell and John Doe Bussell, reside in Snohomish County, Washington, and are believed to have resided in Snohomish County Washington, at all times relevant and material to this Complaint.

1.18 Defendants Grace Bussell and John Doe Bussell are wife and husband and comprise a marital community believed to be residing in Snohomish County, Washington. All acts of these Defendants complained of herein were done both individually and for the benefit of the marital community.

1.19 Defendants John Does 1-10 are employees or independent contractors with Defendant United States **and/or** Defendant Humana Government Business, Inc. d/b/a Humana Military Healthcare Services, Inc.; **and /or** Valor Healthcare, Inc., **and/or**, Defendant ABC CONTRACTOR, and were involved in the care and treatment of Plaintiff at Veterans' Administration Lake City Community Based Outpatient Clinic (North Seattle Clinic) at all times material and relevant to this complaint. This Complaint will be amended when the true name of Defendants identified as "Does" and "ABC Contractor" are identified.

1.20 That at all times material hereto, defendants provided medical services to Plaintiff in Seattle, Washington.

## II. JURISDICTION, VENUE AND PROCEDURAL REQUIREMENTS

2.1 This action arises under the Federal Tort Claims Act, Sections 1346(b) and 2671 through 2680 of Title 28 of the United States Code. This Court is vested with jurisdiction pursuant

COMPLAINT - 4

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

to Section 1346(b) of Title 28 of the United States Code.

2.2   The incident that is the subject of this litigation occurred in King County, Washington, within the Western District of Washington.

2.3   This action was commenced within the time permitted by the applicable statute of limitations.

2.4   With respect to Defendant United States of America, Plaintiff caused a claim in proper form, based upon the herein referenced facts to be filed with the administrative agency. The claim was denied on October 3, 2013 (Claim VC-2546), the denial was received by Plaintiff on October 7, 2013. This action has been commenced within the time limitations of Title 28 U.S.C. Section 2401(b) and pursuant to Title 28 U.S.C. Section 2675(a) of the United States Code.

2.5   Defendants acknowledge that they have been properly served with the Summons and Complaint in this matter.

2.6   There is no person or entity unnamed in this lawsuit who caused or contributed to the damages alleged herein.

### III.   FACTS

3.1   At the time of his admission to the Veterans' Administration Lake City Community Based Outpatient Clinic (hereafter, VA Clinic) for a physical exam on June 16, 2011, Mr. Kerley complained of numbness in his feet and legs.

3.2   On the June 16, 2011 visit, Mr. Kerley was treated by Defendant David P. Clemens, MD.

3.3   Defendant Clemens was aware that Mr. Kerley had Diabetes during the June 16, 2011 visit.

COMPLAINT - 5

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

3.4     During the June 16, 2011 visit, and at no time thereafter, did Defendants Clemens, Gutierrez, Bussell, and/or John Does 1-10, properly examine Mr. Kerley's feet, instruct Mr. Kerley about foot care, or refer him to a specialist.

3.7     During the June 16, 2011 visit, and at no time thereafter, did any other health care provider at the VA Clinic, properly examine Mr. Kerley's feet, instruct Mr. Kerley about foot care or refer him to a specialist.

3.8     Defendant Clemens prescribed gabapentin to treat Mr. Kerley's foot and leg complaints on June 16, 2011.

3.9     On September 1, 2011, Mr. Kerley called the VA Clinic, and advised Defendant Gutierrez that his feet were numb. The message was relayed to Defendant Clemons, and Defendant Clemons recommended that Mr. Kerley come in for labs and an office visit.

3.11    On September, 14, 2011, Mr. Kerley was treated by Defendant Clemens, Gutierrez, and John Does 1-10, during which Mr. Kerley complained of foot numbness.

3.12    On September 14, 2011, Defendants Clemens, Gutierrez and/or John Does 1-10 did not perform a foot exam of Mr. Kerley, did not instruct him regarding foot care, and did not refer him to a specialist.

3.13    On September 14, 2011, no other healthcare provider at the VA Clinic performed a foot exam of Mr. Kerley, nor did they instruct him regarding foot care, or refer him to a specialist.

3.14    On December 7, 2011, Mr. Kerley was treated by Defendant Clemens and Porter and/or John Does 1-10, complaining of foot pain and tingling in the feet.

3.15    During the December 7, 2011 visit, Defendant Clemens, Porter and/or John Does 1-10 did not perform a foot exam of Mr. Kerley, nor did they instruct him regarding foot

COMPLAINT - 6

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

care, or refer him to a specialist.

3.16    During the December 7, 2011 visit, no other healthcare provider at the VA Clinic performed a foot exam of Mr. Kerley, nor did they instruct him regarding foot care, or refer him to a specialist.

3.17    During the December 7, 2011 visit, Defendant Clemens placed Mr. Kerley on a chronic narcotic pain regimen.

3.18    On January 23, 2012, Mr. Kerley called the VA Clinic, and complained of foot swelling, tingling and pain that affected his ability to walk and sleep. Defendant Porter took the call. Receipt of this information is acknowledged by Defendant Clemons in the records. Defendant Clemons recommended an increase is Gabapentin.

3.22    On January 24, 2012, Mr. Kerley presented to the Veterans' Administration Beacon Hill Clinic Emergency Department with foot pain. Mr. Kerley was diagnosed with wet gangrene secondary to a diabetic foot ulcer.

3.23    On January 24, 2012, Mr. Kerley underwent the first of several amputations, which included removal of his left toes, left foot, and portions of his left leg.

3.23    Defendants failed to ensure that Veterans Administration guidelines were followed and that the standard of care was met with respect to medical care provided to plaintiff.

3.24 Defendant United States, specifically, failed to ensure that Veteran's Administration guidelines were following by Defendants, whether those Defendants are employees of the United States, or independent contractors or employees of independent contractors.

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

## IV. TORTIOUS CONDUCT: NEGLIGENCE

The Plaintiff claims violations of RCW 7.70.010 et seq.

4.1   The above treatment resulting in injuries and losses to the Plaintiff was proximately caused by the tortious conduct of the above named defendants. Defendants had a duty of care to Mr. Kerley, which they breached by failing to properly diagnose and treat his medical condition.

4.2   Defendants Clemens, Gutierrez, Porter or Bussel and John Does 1-10 breached their duty of care to Mr. Kerley on June 16, 2011, by failing to instruct Mr. Kerley, a high risk patient, in foot care and refer him to a foot care specialist.

4.3   Defendant Clemens, Gutierrez, Porter or Bussel and John Does 1-10 breached their duty of care to Mr. Kerley on June 16, 2011, by failing to perform a proper foot exam of Mr. Kerley, a high risk patient.

4.4   Defendants Clemens, Gutierrez, Porter or Bussel and John Does 1-10 breached their duty of care to Mr. Kerley on September 14, 2011, by failing to perform a foot exam of Mr. Kerley, a high risk patient, as well as failing to instruct him in foot care and failing to refer him to a foot care specialist.

4.5   Defendants Clemens, Gutierrez, Porter or Bussel and John Doe 1-10 breached their duty of care to Mr. Kerley, a high risk patient, by failing to perform a foot exam on Mr. Kerley on December 7, 2011, and by failing to instruct him in foot care and by failing to refer him to a foot care specialist.

4.6   Defendants Clemens, Gutierrez, Porter or Bussell, John Does 1-10 and ABC Contractor failed to follow Veterans Administration guidelines with respect to their care of plaintiff.

COMPLAINT - 8

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

4.8     Defendant United States and/or Humana and/or Valor and/or ABC CONTRACTOR, are vicariously liable, as employer of Defendants Clemens, Gutierrez, Porter or Bussell and John Does 1-10, for the above tortious conduct of its employees. In the alternative, Defendants Clemens, Gutierrez, Porter or Bussell and John Does 1-10, are individually liable.

4.9     Defendant United States had a duty to ensure that employees, independent contractors or employees of independent contractors followed Veteran's Administration Guidelines. Defendant failed to properly monitor, supervise and train such individuals with respect to those guidelines, and as such is liable for the damages of the Plaintiff.

## V. PROXIMATE CAUSE

5.1     The injuries and resulting losses sustained by the Plaintiff as a result of the subject treatment were proximately caused by the tortious conduct of the above named Defendants.

5.2     Had Defendants United States and/or Humana and/or Valor and/or ABC CONTRACTOR, Clemens, Gutierrez, Porter or Bussell and John Does 1-10 fulfilled their duty of care to Mr. Kerley, he would not have incurred injuries, including but not limited to contracting gangrene, leading to amputation of his left foot.

## VI. DAMAGES

As a direct and proximate result of the tortious conduct of the Defendants as above-stated, the Plaintiff has sustained economic and non-economic damages, including without limitation:

   1.     Physical injuries;

COMPLAINT - 9

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6853

2. Physical pain and suffering;

3. Mental and emotional pain and suffering;

4. Loss of enjoyment of life;

5. Medical and health care-related expenses;

All in amounts to be proven at the time of trial.

## VII. RELIEF

Plaintiff prays for judgment against Defendants as follows:

A. A judgment of liability against said Defendants for their tortious conduct herein;

B. A full award of economic and non-economic damages suffered by the Plaintiff;

C. An award of taxable costs;

D. An award of reasonable attorneys fees;

E. Prejudgment interest on such economic and non-economic damages as the law allows, at the maximum allowable rate;

F. Such further relief as is just and equitable.

DATED this  26  day of March 2014.

_____
Derek P. Radtke, WSBA No.27277
Attorney for the Plaintiff

COMPLAINT - 10